**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIEN HSING JIANG, | No. 07-71125 |
| Petitioner, | Agency No. A072-962-149 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Dien Hsing Jiang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion entitled "motion

to file successive asylum application pursuant to 8 C.F.R. § 208.4 or in the

alternative motion to reopen." We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo the BIA's legal conclusions and due process contentions, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and we deny the petition for review.

Jiang's argument that he is entitled to file a successive asylum application based on changed personal circumstances in the United States is foreclosed by this court's decision in *Chen v. Mukasey*, 524 F.3d 1028, 1031-32 (9th Cir. 2008) (an alien may file a successive asylum application only in connection with a successful motion to reopen, subject to time and number limitations). Jiang's contention that his removal will violate international treaty law is also foreclosed by *Chen*. *See id*. at 1033. Because Jiang was only entitled to file his successive asylum application in connection with a motion to reopen, *see id.* at 1031-32, the BIA did not err in construing his motion as a motion to reopen. Jiang does not otherwise challenge the BIA's finding that the motion was untimely and numerically-barred, and that Jiang failed to established changed circumstances in China to qualify for the regulatory exception to these bars.

Finally, Jiang's contentions that the BIA violated his due process rights lack merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (holding petitioner must demonstrate error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**